# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

SUSAN HENRY HEBERT

NO.  2025 CW 0545

VERSUS

LOUISIANA PUBLIC DEFENDER BOARD

**OCTOBER 1, 2025**

---

In Re:    Louisiana  Public  Defender  Board,  applying  for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 694429.

---

**BEFORE:   THERIOT, LANIER, AND MILLER, JJ.**

**WRIT GRANTED.** The trial court's March 17, 2025 judgment, which denied the motion for summary judgment filed by defendant, Louisiana Public Defender Board ("Board"), is reversed. In opposition to the Board's motion for summary judgment, plaintiff, Susan Henry Hebert, alleged she was employed by the Board as set forth in the Louisiana Public Defender Act. However, it is undisputed that plaintiff was an assistant district public defender in East Baton Rouge Parish from 1992 to 2019. Plaintiff's role as an assistant district public defender falls within the jurisdiction of the district public defender pursuant to La. R.S. 15:161, et seq., notwithstanding the Board's role to allocate state funds and oversee the various district public defender offices within the state. While plaintiff maintains she was jointly an employee of the state and of the Board, La. R.S. 15:147(E) provides, in pertinent part, that "[a]ll other personnel employed or who serve under contract in a district office shall not be state employees." Furthermore, the statute limits the state employee classification to "executive staff, secretarial, clerical, and other personnel directly employed in the operations of the office [of the state public defender]".

Legislation is the solemn expression of legislative will, and therefore, interpretation of a law involves primarily a search for the Legislature's intent. **Montgomery v. St. Tammany Parish Gov't by and through St. Tammany Parish Council,** 2017-1811 (La. 6/27/18), 319 So.3d 209, 215. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the Legislature. **Id.** We find that plaintiff is not a state employee according to the plain language of statutory law herein or an employee of the Board pursuant to La. R.S. 15:147(E). Moreover, plaintiff produced no factual support sufficient to establish the existence of a genuine issue of material fact or that the Board is not entitled to judgment as a matter of law. Therefore, the motion for summary judgment is granted, and plaintiff's claims against defendant, Louisiana Public Defender Board, are dismissed with prejudice.

MRT
WIL
SMM

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT